————0————

GEORGE W. SHEBLE, Appellant, *vs.* HENRY FREDERICK CHARLES CURDT, Respondent.

1. *Landlord and tenant—Crops—Pledge of as security for rent—Rights of landlord—Replevin.*—An agreement of lease of a farm contained a provision that in order to secure the rent reserved, the lessee conveyed and sold to the landlord all of a certain crop then growing on the land, with the power, in case of non-payment of the rent when due, to take possession of the crop and apply the proceeds *pro tanto* to the payment of his rent. *Held,* that the landlord had no right to the immediate possession of the crop; his right to possession depended upon the lessee's failure to pay rent, therefore before that contingency occurred the landlord had no right to replevy the crops.

*Appeal from St. Louis Circuit Court.*

*Bakewell, Farish & Mead,* for Appellant.

I. There was an actual sale of this growing crop, perfectly good between the parties thereto. The attempt of the defendant to remove the crop, for the purposes of selling the same and pocketing the proceeds, was a tortious conversion which entitled the plaintiff, the vendee, to immediate possession. (Loeschmann vs. Machin, 2 Stark., 211.)

II. To comply with the statute it was only necessary that the plaintiff should have the right of immediate possession, and that the property should be found in possession of another. (Pilkington vs. Trigg, 28 Mo., 95; Gen. Stat. 1865, 663.)

III. An action for claim and delivery of property severed from the freehold, while in adverse possession of defendant, whether as a trespasser, or under title may be maintained. (Kendall vs. Lohmans, 31 Cal., 155; Davis vs. Camp, 1 Price, 53.)

IV. By the severance from the freehold, the wheat became the personal property of the owner of the land, the lessor; and on the attempt to remove it, trover would lie. (Watson vs. Hunter, 5 Johns. Ch., 169.)

*Jecko & Hospes*, for Respondent.

I. The lease did not purport to convey an absolute title or right of possession to the wheat. It is nothing more than a provision in the lease for a more summary mode of enforcing the lien which the appellant had under the statute. (2 Wagn. Stat., [1870,] 880, § 18.) The lien of the landlord can only be enforced by process of law. (Knox vs. Hunt, 18 Mo., 243; see also Burgess vs. Kattlemann, 41 Mo., 480.)

II. If the attempted removal of the crop of wheat by the respondent endangered the rent to become due, section 26, Chap. 85, of 2 Wagn. Stat., 1870, p. 881, gave appellant a complete remedy and protection. The appellant never demanded the rent, nor the possession of the wheat; both were necessary to enable him to maintain this action, if it could be maintained at all.

III. In any view of the case he could not sell the wheat till default in the payment of the rent.

SHERWOOD, Judge, delivered the opinion of the court.

On the 29th day of November, 1870, the plaintiff, Sheble, leased to defendant, Curdt, his farm in St. Louis county, until the 1st day of March, 1872, at a rent of $475, payable on the 1st day of September, 1871. Among other clauses in the

lease, which was signed by both lessor and lessee, was one couched in these words: "And for the purpose of securing the payment of said sum, hereinbefore reserved as rent for the said premises, said party of the second part hereby sells, transfers and sets over to said party of the first part, all of the crops of wheat now growing on said devised premises; hereby giving to said party of the first part full power and authority, in case of failure on his part to pay said rent when the same becomes due as hereinbefore provided, to take possession of said crops and sell the same at the best price he can obtain therefor, and out of the net proceeds thereof, to pay said rents hereinbefore reserved, and the balance, if any, he shall pay to said party of the second part."

In July, 1871, defendant had commenced removing the wheat, which had been harvested and placed in sacks, from the demised premises, and thereupon the plaintiff, on the 18th of that month, sued out his writ in the present action, took possession thereunder of said wheat, had the same brought to St. Louis on the 30th day of August, and sold on the 1st day of September, the day the rent fell due. On the same day also, on which the sale took place, defendant paid the rent which was accepted and receipted for by the plaintiff, who afterwards paid the net proceeds of the wheat into court, being $446.85. There would seem to be but little doubt from the testimony, that it was the intention of the defendant to sell the wheat and apply the proceeds to other purposes than the payment of the rent. The court upon this state of facts gave judgment for the plaintiff, for one cent damages and costs, &c.

Under the terms of the lease the plaintiff was not entitled to the immediate possession of the wheat. His right to such possession had not accrued but depended entirely upon the happening of a certain contingency, viz: the non-payment of the rent at the time it should become due. This is sufficient to show that he could not, prior to the occurrence of such event, have any ground whereon to maintain replevin or its statutory substitute for the recovery of the property in

question. The law gives the landlord a lien on the crop for the rent, and the only effect of the clause in the lease above referred to, was to confer authority on the plaintiff when the rent fell due and remained unpaid, to take possession of the wheat, sell the same and apply a sufficiency of the proceeds to the purpose for which he was authorized to take such possession. The instances are numerous, where liens exist totally disconnected with any power of becoming possessed of the property on which they constitute incumbrances. (Knox vs. Hunt, 18 Mo., 243.) If the plaintiff had well founded apprehensions that defendant intended removing the property from the devised premises, he had a two-fold remedy within easy reach. Resort could have been had to injunction, or to that measure of redress which section 26, (p. 881, 2 Wagn. Stat.,) of the Landlord and Tenant Act affords.

For these reasons the judgment of the General Term reversing that of the trial court must be affirmed. Judge Wagner absent; the other judges concur.