———o———

ISAAC BOWENS, Respondent, *vs.* VINCENT BENSON, Appellant.

1. *Mortgages and deeds of trust—Chattel mortgages—Mortgagee entitled to possession after breach—Extension of time on debt.—*The mortgagee of personal property is entitled to possession of the mortgaged property after breach of condition, and an extension of time on the debt would make no difference with this right.

*Appeal from St. Louis Circuit Court.*

*Henderson & Shields,* for Appellant.

It is well settled that a mortgagee of personal chattels, after the day of redemption is passed, is regarded in law as the absolute owner and can dispose of the property as he pleases. (Robinson vs. Campbell, 8 Mo., 365, 366; Robertson vs. Campbell, 8 Mo., 615, 617; Williams vs. Rorer, 7 Mo., 556; Lacey vs. Gibboney, 36 Mo., 320, 322; Ferguson vs. Thomas, 26 Mo., 499.)

*F. J. Bowman,* for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This action was brought to recover the value of four or five horses alleged to have been taken by defendant from the possession of plaintiff and converted to his own use.

The facts appeared to be, as shown at the trial, that the plaintiff rented a farm of defendant for three hundred and seventy-five dollars, to be paid on the 1st of January, 1871, and for this sum he gave his note payable on that day, and to secure this note he executed a bill of sale or mortgage of the horses in question to defendant, which was to be void if plaintiff paid the note, but was to remain in force if the note was not paid.

The note was not paid on the day it was due. The defendant had allowed plaintiff to retain possession of the horses, as they were necessary to enable him to work the farm.

After the note became due, the defendant took possession of the horses, as the plaintiff insists, or they were voluntarily given up to defendant, as the defendant swears. That was a matter of fact submitted to the jury, and we will assume under their finding that the horses were not voluntarily given up. The defendant, at all events, got possession of them, and this suit is brought upon the hypothesis that such possession was wrongful, and entitled the plaintiff to damages equal to the value of the horses.

It seems that the plaintiff had the right under the lease to cut down timber and convert it into cord wood and rails, and that he had in October or thereabouts, about three acres cleared, and the timber ready for splitting; that he had arranged with his friends and associates in the neighborhood to have what he calls a "Bee," that is to get the aid of all the negroes in the neighborhood in splitting up his felled timber and making a short job of it.

The landlord, the defendant, objected to this plan, and insisted that no such gathering should be held on the premises, but told the plaintiff to go on with such speed as he and his assistant laborers could make, and he would give him time on his note, and not exact a punctual payment on the 1st of January.

This the defendant denied, but the jury found against him, and we will assume that the plaintiff's account of this is correct.

The court instructed the jury, that if the property was delivered to defendant only for security, and then returned to plaintiff to keep till the note was due, and if the time of payment was extended, and that time had not expired when defendant took the stock, and the plaintiff did not voluntarily consent to such taking, the plaintiff was entitled to recover.

For the defendant, the court directed, that if the plaintiff delivered the property to defendant, there was no cause of action, and that the agreement for an extension of time did not alter this.

The jury returned a verdict for plaintiff for three hundred and seventy-five dollars.

We are clear that this action was without basis on the facts; although we are not surprised at the verdict. The defendant had an undoubted right to possession of his security, whether the extension was granted or not. We see no ground for the action on any hypothesis; but it is equally clear, that the plaintiff ought to be paid for the cord wood and rails and house logs, which the defendant had the benefit of, but we think the plaintiff's remedy was misconceived. If the defendant

gave plaintiff further time to pay his note due in January, and the plaintiff proceeded to split up the cord wood and rail timber under this agreement, the value of such labor would go to extinguish the note *pro tanto.* But it would not prevent the defendant from taking possession of the property mortgaged to him as a security.

The evidence in the case is, that the plaintiff turned the horses over to the defendant, and that they were appraised by persons selected by both parties. It is clear that the plaintiff placed an undue value on his horses, but the jury no doubt thought the plaintiff ought to have been paid for his labor, and we think so too.

The instruction of the court assumes that a mortgagee of personal property, after forfeiture, has no right to take it into possession. The decisions of this court have been so often to the contrary that it is needless to refer to them.

The judgment for three hundred and seventy-five dollars against defendant involves a loss of his rent and the payment of that sum as damages. We will reverse that judgment, though the plaintiff was entitled to the value of his services in cutting cord wood and rails. The action is not based upon such a claim. It denies the right of defendant to take possession under his mortgage of the property conveyed. We think this is a mistake, whether time was granted or not; and therefore the instructions were wrong, since they ignored the law in regard to the rights of a mortgagee of personal property.

Judgment reversed and cause remanded; the other judges concur.