————o————

Wm. J. Barnett, Respondent, vs. John Timberlake, Appellant.

1. *Chattel mortgage—Possession before condition broken.*—The law is well settled that although a trustee or mortgagee of personal property is, after default made or condition broken, entitled to its possession, and considered in law as its owner, yet prior to that time it is equally certain that no such right of either possession or ownership exists.

### *Appeal from Audrain Circuit Court.*

*Forrist & Ladd,* for Appellant.

I. The deed of trust was but a mortgage, with possession remaining in the mortgagor; and until condition broken the

rights of trustee or *cestuis que trust* were equitable only, to be protected by the equitable powers of the court, where only was he or they by virtue of the conveyance entitled to possession of the property. (7 Mo., 329; 8 Mo., 365, 615; 36 Mo., 322; 49 Mo., 395, *et seq.*; 1 Mo., 418.)

II. The condition of the mortgage was not broken, when suit was commenced, and respondent was not entitled to possession of the property.

*Edwards & Harrison*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

The defendant on the 7th day of March, 1871, was indebted to one Galbreath in the sum of $350, for which he gave his promissory note, due in one year after date. Several persons joined with the defendant in the execution of this note, only however, as sureties.

A few days after the execution of the note, the defendant executed to the plaintiff, as trustee, a deed of trust of certain personal property. The granting words in this instrument were: " bargain and sell, convey, deliver and confirm." The condition of the deed was that the defendant should pay the note at its maturity, and thus save his sureties harmless; in which case, the property so conveyed was to be released at his cost; but if default were made in the payment of the note the deed was to remain in full force, and the trustee to proceed to sell the property, etc., etc.

There was no delivery of the property mentioned in the deed, to the trustee, but the defendant retained possession until some time in the succeeding Fall, when it was taken from him by process issued in behalf of the plaintiff, who claimed in his petition that he was entitled to its possession. The defendant's answer was a general denial. The note was duly paid at its maturity, and the defendant exhibiting it to the plaintiff, demanded his property; but this demand was only partially complied with, the plaintiff retaining a portion of it which he sold after the note was satisfied and the pro-

ceeds were applied to the payment of the costs which had accrued in respect to the property and its keeping, in consequence of suit brought.

The whole case turns upon this: whether the court below erred in holding that the trustee need not await the maturity of the note, but could, under the deed, take immediate possession of the property.

The law is well settled, that, although a trustee or mortgagee of personal property, is, after default made or condition broken, entitled to the possession, and considered in law the owner of the property thus mortgaged, yet prior to that time, it is equally certain that no such right of either possession or ownership exists. The case of Sheble vs. Curdt, (56 Mo., 437) is decisive of this point. The granting words there employed were, "sells, transfers and sets over;" but no difference is perceived between the legal effect of those words, and those in the case at bar. In neither case did the grant become an absolute one, until condition broken. If the trustee or mortgagee is justly apprehensive that the property will be eloigned prior to the maturity of the demand which the deed is given to secure, he is not without remedy; but that remedy certainly does not consist in such an action as that to which the plaintiff has in the present instance resorted; for the obvious reason that such action must be based on the right of the plaintiff to the immediate possession of the property sued for. But as above seen, no such right attaches in the trustee until default occurs.

If follows that the plaintiff should not have recovered judgment in the court below even for costs, and that his sale of a portion of the trust property was entirely unwarrantable. It is unnecessary to notice the instruction asked by defendant as to the measure of damages for taking the property, because that instruction was evidently refused, not on account of its incorrectness, but for the reason that it was regarded inapplicable under the construction which was placed upon the deed of trust.

The judgment is reversed and the cause remanded; all the judges concur.