R. W. HICKMAN, Appellant, v. J. G. DILL, Respondent.

Kansas City Court of Appeals, December 10, 1888.

1. **Replevin**: SUITS IN : HOW REGARDED BY THE COURTS. Suits in replevin are said to be, in some respects, *sui generis;* and the inclination of the courts of this state has been to give to them a flexibility sufficient to meet, exigencies and adjust all equities arising in such actions.

2. **Motrtgages and Deeds of Trust:** TERMS OF AS TO SALE BY TRUSTEE. The proper construction of the phrase (usually contained in deeds of trust) "in case of his (trustee's) death, refusal to act, or absence from the state, then the sheriff," etc., is that under *either* of the three contingencies, the sheriff could be substituted.

3. ———: RIGHT OF POSSESSION AND OWNERSHIP, BEFORE DEFAULT: CASE ADJUDGED. Notwithstanding that the law is well settled, in this state, that prior to default, neither ownership nor possession exists in the mortgagee; and although, in the absence of a clause prohibiting a sale, the mortgagor has an interest which he may sell and transfer to the possession of the vendee, or which may be seized under process at the instance of another creditor of the mortgagor; yet when the defendant, as in this case, in replevin, has only a special interest in the property, the jury or court should assess the value of that interest, and the judgment may be, in such a case as this, though against the plaintiff in replevin, for only nominal damages, or for costs only.

*Appeal from Saline Circuit Court.*—Hon. Richard Field, Judge.

Reversed and remanded.

The case is stated in the opinion.

*Boyd & Sebree,* for the appellant.

(1) The trustee in a deed of trust of personal property may sue and recover the possession of the said property. *Keck v. Fisher,* 58 Mo. 532. (2) Dill, the defendant, having wilfully and wrongfully mixed the mortgaged wheat with his own wheat, the plaintiff was entitled to all the wheat in the bins where the mortgaged wheat was so mixed. *Davis v. Krum,* 12 Mo. App. 279; *Franklin v. Gummersell,* 9 Mo. App. 84; *Alt v. Bank,* 9 Mo. App. 91; *Kaufman v. Schilling,* 58 Mo. 218; *Henderson v. Lauck,* 21 Pa. St. 359; *Groff v. Belch,* 62 Mo. 400; Wells on Replevin, secs. 197, 201, 203, 209. (3) The plaintiff, the trustee, had the right to the possession of the wheat as against the defendant Dill, who was a stranger to the deed of trust, and who wrongfully and without any authority took possession of the wheat and converted it to his own use, and was

so disposing of it that it would have been entirely lost to the beneficiary Crum, and thereby his debt been entirely lost, as the defendant and Sturgess, the maker of the note, were both hopelessly insolvent. *McLeod v. Bernhold*, 32 Ark. 671; *Melody v. Chandler*, 12 Me. 282; *Cutter v. Copeland*, 18 Me. 127; *Whitney v. Lowell*, 33 Me. 318; *Millar v. Allen*, 10 R. I. 94; *Hotchkiss v. Hart*, 49 Me. 213; *Stamps v. Gilman*, 43 Miss. 456; *Moore v. Murdock*, 26 Cal. 514; *Simmons v. Jenkins*, 76 Ill. 479; *Woodruff v. Halsey*, 8 Pick. [Mass.] 333; Jones on Chatt. Mort. secs. 445 *et seq.*; Hermann on Chatt. Mort. secs. 335 *et seq.*; *Millar v. Allen*, 10 R. I. 49. (4) The cases of *Barnett v. Timberlake*, 50 Mo. 499, and *Sheble v. Curdt*, 56 Mo. 437, are not similar to nor decisive of the case at bar, for the reason that the action in each of those cases was against the mortgagor, while the defendant in the case at bar is a stranger to the mortgage.

*Davis & Wingfield*, for the respondent.

(1) The trustee in a deed of trust to personal property cannot sue for possession, and has no dominion whatever over the property, until the condition in said deed is broken. The only condition in the deed in this case is the failure to pay the debt when due. This suit was brought before the debt became due. *Bank v. Wilson*, 29 Mo. App. 384. (2) The plaintiff in this case is an entire stranger, so far as the record shows. The contingency upon which he was to become trustee had not happened when the suit was brought. The trustee Vanstone was not authorized to sell under the deed when he refused to act, and the sheriff only became entitled to the possession properly, upon the happening of two events, viz., first, the trustee must have been authorized to sell under the deed; second, he must have refused to act. (3) The pleader has mistaken his remedy. The record shows that the wheat was in the possession of the defendant when the suit was brought, and if defendant was insolvent as plaintiff offered to prove, then he

could have been enjoined at the suit of the *cestui que trust* Crum from removing or disposing of the same. *Shebel v. Curdt*, 57 Mo. 437 ; *Barnett v. Timberlake*, 57 Mo. 499 ; *Bank v. Wilson*, 29 Mo. App. 384.

RAMSAY, J.—This is a suit in replevin, instituted in the circuit court of Saline county, Missouri, on the fifteenth day of July, 1886, the object of the suit being to recover about four hundred and fifty bushels of wheat. On the eighth day of January, 1886, one Joseph Sturgess executed a deed of trust to one James S. Vanstone, trustee, conveying to him in trust an undivided half interest of one hundred acres of growing wheat, on the James S. Vanstone farm near Mt. Leonard, Mo., to secure the payment to one W. H. Crum of a certain promissory note, in said deed described, for the sum of $453.45, dated on said day, and due seven months after date, bearing interest from date at the rate of ten per cent.   The deed of trust was properly recorded January 9, 1886, and contained the following condition : "Now if said note and interest be paid when the same becomes due and payable, then this deed shall be void and the property hereinbefore conveyed shall be released at the cost of the said party of the first part, but if default be made in the payment of said note when the same becomes due and payable, or in the faithful performance of said agreement for paying taxes, etc., as aforesaid, then this deed shall remain in force, and the said party of the second part, or in case of his death, refusal to act, or absence from said state when authorized to sell under these presents, and a sale be desired by the holder of said note ; then, the sheriff of Saline county for the time being, who shall thereupon become his successor of the title of said property, and the same become vested in him, in trust for the purposes and objects of these presents, and with all the powers, duties and obligations thereof, may proceed to sell the property hereinbefore described, or any part thereof, at public vendue." The instrument contains no provision requiring the property conveyed to remain in the possession of the grantor

until default be made in payment of the debt secured, nor does it contain a condition (as is usual in chattel mortgages) that in case of a sale or disposal, or attempt to sell or dispose of said property, or a removal, or attempt to remove, etc., the debt shall fall due and trustee can take possession of such property. The plaintiff, at the time of the institution of the suit, was the sheriff of Saline county, and at the request of W. H. Crum, the holder of the note secured in the deed of trust, was seeking to act as trustee under said trust deed and to carry out its provisions, claiming right of possession by virtue of the provisions of such instrument. At the trial plaintiff offered to read in evidence the deed of trust, but the court sustained an objection interposed by defendant and plaintiff excepted. The plaintiff then offered to prove by witnesses, who were produced and sworn, the following facts: "That the one hundred acres of wheat described in the deed of trust from Sturgess to Vanstone, trustee for Crum (which deed of trust plaintiff had offered in evidence), was cut and threshed in the month of July, 1886, and was before the fifteenth day of July divided in the field in which it was grown, and the one-half to which Sturgess was entitled was put in sacks in a pile to itself, and that said half contained about four hundred and fifty bushels of wheat; that the defendant, without any authority, took possession of said wheat in the pile on said premises, and removed the same in the night-time from the premises on which it was grown, for the purpose of depriving the beneficiary in said deed of trust of his security and preventing the trustee in said deed of trust from applying said wheat to the purposes of said deed of trust; that at the time of the removal of said wheat, the trustee Vanstone had declined and refused to act as trustee, and the plaintiff, who was at the time the acting sheriff of Saline county, Mo., had been requested to act as trustee, according to the provisions of said deed of trust, and that the defendant knew that

fact, and that on the night of the thirteenth or four-teenth of July, the defendant hired men with wagons and teams to haul said wheat from said field to defendant's elevator at Mt. Leonard, Saline county, Mo., stating to said men at the time that he wanted said wheat hauled that night, because the sheriff would be there the next morning, and he wanted to get it off before he came ; that on said night defendant caused said wheat to be hauled to the defendant's said elevator, and to be mixed and mingled with a large quantity of other wheat belonging to defendant, by placing said wheat in bins with such other wheat, and then caused large quantities of wheat to be shipped from said bins by railroad to St. Louis before the next day, to persons unknown to plaintiff ; that the wheat taken by the officer under the writ of replevin was at the time of its seizure in the same bins where the wheat removed by plaintiff from the field had been placed the night before ; that at the time defendant was and is yet insolvent; and that Joseph H. Sturgess, the maker of said deed of trust, and of the note secured thereby, was also insolvent ; that the debt mentioned in said deed of trust remained unpaid, and that unless the wheat conveyed by said deed of trust was applied to the payment of said debt, it would be lost to the beneficiary.''

To the introduction of all which said evidence the defendant objected, the court sustained the objection and plaintiff excepted. The defendant then was permitted, against the objection of plaintiff, to introduce evidence tending to show that the quantity of wheat seized under the writ of replevin was four hundred and thirty-five bushels, and of the value of seventy-five cents per bushel, and at the instance of the defendant the court instructed as follows : "The jury are instructed to find for defendant and assess the value of the wheat taken at what the evidence shows it to be worth at this time." The value of the wheat was assessed by the jury at $325.62½ and the court rendered a judgment against the plaintiff and his sureties in the replevin

bond for such sum in favor of defendant, he having elected to take the assessed value of the property. From this judgment plaintiff has appealed to this court.

In replevin suits, it is frequently a matter of no small difficulty to properly protect the interests and to equitably adjust the rights of parties. Such suits are said to be in some respects *sui generis*, and the inclination of the courts of this state has been to give to them a flexibility sufficient to meet exigencies and adjust all equities arising in such actions. From the foregoing statement, conceding to plaintiff the ability to establish the truth of the facts which he offered to prove, it is perfectly apparent that exact justice was not the result of the trial below. Yet, whether the rules and principles of law governing the action of replevin, when applied to the state of facts shown in the record of this case, will permit a different result is not so apparent. The deed of trust is peculiar in its provisions and lack of usual conditions. It is claimed that owing to the wording of the instrument the sheriff could not be substituted as trustee until the time had arrived when the trustee was authorized to sell, the trustee named in the deed had refused to act, and a sale was desired by the holder of the note. The words giving rise to this contention are, "In case of his death, refusal to act, or absence from the state when authorized to sell under these presents, and a sale be desired by the holder of said note, then, the sheriff," etc. While this language might be construed in either of two different ways, we believe its proper construction is that the phrase, "when authorized to sell under these presents," etc., should only qualify the words "or absence from the state," which immediately precede it, and that under either of three contingencies the sheriff could be substituted, *i. e.*, in case of the trustee's death, in case of his refusal to act, or in case of his absence from the state when authorized to sell.

A graver difficulty is presented in the fact that the debt secured by the deed of trust lacked two or three

weeks of being due and no default had been made in the payment thereof when this suit was instituted. The sole condition expressed in the deed, upon the forfeiture of which the title could become absolute in the trustee, was that default should be made in the payment of the note when it fell due. The question therefore is presented, whether a trustee in a deed of trust conveying personal property, containing no insecurity clause, can maintain replevin for the possession of the property before the debt secured becomes due and a forfeiture has occurred by its non-payment. The weight of authorities in the United States seems to maintain that the right to possession of mortgaged chattels vests in the mortgagee immediately upon the execution of the mortgage, if there be no express or implied stipulation in it to the contrary, whether the debt be due and payable or not. Jones on Chat. Mort. sec. 426, and cases cited. Yet the decisions in this state hold that a trustee or mortgagee is not entitled to possession until after default made or condition broken. The case of *Sheble v. Curdt*, 56 Mo. 437, was a case where a tenant signed a lease containing a clause, similar to the condition of the trust deed in question, securing rent to his landlord, and the tenant had commenced moving the wheat from the demised premises, whereupon the landlord began his suit of replevin, and it was held "that his right of recovery had not accrued, but depended entirely upon the happening of a certain contingency, viz., the non-payment of the rent at the time it should become due." In the case of *Barnett v. Timberlake*, 57 Mo. 499, the defendant had executed a deed of trust of certain personal property to plaintiff. There was no delivery of the property mentioned in the deed to the trustee, but the defendant remained in possession until the plaintiff, before the debt matured, sought to recover possession by replevin, and it was held that "the law is well settled, that, although a trustee or mortgagee of personal property, is, after default made or condition broken, entitled to the possession and considered in law the owner of

the property thus mortgaged, yet prior to that time, it is equally certain that no such right of either possession or ownership exists." It is further said in that opinion, "if the trustee or mortgagee is justly apprehensive that the property will be eloigned prior to the maturity of the demand which the deed is given to secure, he is not without a remedy." The remedy here meant is that of injunction. These cases have been cited with approval in *Stonebraker v. Ford*, 81 Mo. 532; *Turner v. Langdon*, 85 Mo. loc. cit. 442; *Lafayette County Bank v. Metcalf*, 29 Mo. App. 384.

It is also settled law in this state that where the possession of mortgaged personal property is left with the mortgageor until condition broken or default has been made in the payment of the debt secured by it, in the absence of a clause prohibiting a sale, the mortgagor has an interest which he may sell and transfer to the possession of the vendee. Such an interest as may be seized under process at the instance of another creditor of the mortgagor and sold, and the purchaser will take the possessory right and title of the mortgagor, subject, of course, to the lien of the mortgagee. *State ex rel. v. Carroll*, 24 Mo. App. 361; *Lafayette Co. Bank v. Metcalf, supra*. Under the law as thus established in this state, we must hold that, as the debt secured by the deed of trust was not due, and no forfeiture had occurred at the time plaintiff instituted his suit, as against the mortgagor or his assignee, the plaintiff was not entitled to the immediate possession of the wheat, and could not reap a perfect success in his action in replevin.

Plaintiff claims that defendant in this action is a stranger to the mortgage, and offered to prove "that defendant, without any authority, took possession of the wheat." Whether it is meant by this that defendant was an intruder, or purely a trespasser who had virtually stolen the wheat, is not certain. If it is meant that by collusion with the mortgagor, or under a real or pretended purchase from the mortgagor (which we think from a review of the record was the case), he wrongfully

took possession of the property, the rule hereinbefore expressed would still obtain. A plaintiff in an action of replevin must rely upon the strength of his own title and if he fails to show title in himself, it is wholly immaterial whether the defendant has title or not. *Johnson v. Neal,* 6 Allen, 227; *Turner v. Langdon, supra.*

Having reached the conclusion that plaintiff was not entitled to the immediate possession of the mortgaged property when he brought this suit, does it follow that the instruction given by the court and the judgment rendered in favor of the defendant for the full value of the wheat should be permitted to stand? Had plaintiff's evidence been admitted and not controverted by the defendant, the case would have stood thus: Plaintiff claiming under a valid mortgage, of which defendant had constructive and actual notice, securing to him a debt then due, but which was not due at the date of the commencement of the suit; the defendant, claiming, in some manner, under the mortgagor, who was only entitled to the possession from the institution of the suit until the debt secured by the mortgage fell due; the mortgagor and defendant both insolvent. Under such a state of facts, what law, justice, or equity would compel plaintiff to return the property in kind to defendant or to pay to him, in money, its full value?

In *Dilworth v. McKelvy,* 30 Mo. 149, an action for possession of personal property, it is said: "We are not of the opinion that this statute intended the entire value of the property to be assessed except where the defendant is the absolute owner. Where the defendant has only a special interest in the property the jury or court should assess the value of that interest. To assess the absolute value in such cases would lead to manifest injustice. * * * It may happen in a suit of this kind, brought by the general owner of the property against one who claims a special interest in it, that defendant's interest in the property expires or is

extinguished after the suit is brought and before judgment. In such an event the supreme court of Massachusetts held in one case that the judgment should be for costs only." It was held in that case that the rights of the parties should be equitably adjusted in the replevin suit. In other words that right and justice should be done. Similar rulings have been made in *Boutell v. Warne*, 62 Mo. 350 ; *Jones v. Evans*, 62 Mo. 382 ; *Dougherty v. Cooper*, 77 Mo. 528 ; *Heap v. Jones*, 23 Mo. App. 621. In such suits courts should always hear evidence offered to show a change of ownership since suit began, or which would make it improper to award a return, or full damages for a failure to make return. Wells on Replevin, sec. 589 ; *Leonard v. Whitney*, 109 Mass. 266.

If the evidence offered by plaintiff in this suit would truthfully present the facts as they existed, then defendant had a very slight interest in the wheat, even when suit was instituted. He, by no conceivable means, could have had a greater interest in the wheat than the mortgagor had. When the debt became due and title and right to possession became absolute in the trustee, he then could maintain replevin for the possession of the property. *Laughlin v. Fairbanks*, 8 Mo. 266 ; *Jackson v. Cunningham*, 28 Mo. App. 354 ; *Pace v. Pierce*, 49 Mo. 393 ; *Bowen v. Benson*, 57 Mo. 26. The simple fact that he instituted his suit a few days or weeks too soon did not give the defendant a title to the property. The plaintiff should be permitted to introduce the evidence offered, for the purpose, if none other, that the rights of the parties may be equitably determined and adjusted. If such evidence is not overcome by evidence introduced by the defendant, then the defendant at best could rightfully recover but nominal damages and his costs. He certainly would not be entitled to collect the full value of wheat that did not belong to him at the trial.

The judgment will be reversed and cause remanded for further action in harmony with the views herein expressed. All concur.