KELLY R. CHANDLER, Respondent, v. WILLIAM C. WEST, Appellant.

Kansas City Court of Appeals, December 2, 1889.

1. **Chattel Mortgage**: RIGHTS OF MORTGAGEE AND VENDEE. A mortgagee cannot maintain replevin or trover against the subsequent mortgagee or vendee of his mortgagor before default or other condition broken.

2. ———: RULE AS TO DESCRIPTION. Where the recording of a mortgage, as under the statute takes the place of actual delivery of the mortgaged property, the mortgage to be effectual must point out the subject-matter of it so that a third person by its aid together with the aid of such inquiries as the instrument itself suggests, may identify the property covered by it, and the property itself must be of such nature, and so situated, as to be capable of being specifically designated and identified by the written description.

3. ———— : RULE AS TO DESCRIPTION APPLIED. Where there is nothing in the mortgage to distinguish "ten head of cattle, mixed lot, cows, heifers and steers," from any other property of the same kind, the description is insufficient.

4. ———— : ———— : PAROL EVIDENCE. And such mortgage will not support an action for "one white roan milk cow about six years old," etc., as parol evidence would be required for identification, which would be adding to the mortgage a term not contained in it.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge

REVERSED.

*W. W. Fry*, for the appellant.

(1) Plaintiff had neither the legal title nor right to possession, and he cannot recover in trover. *Myers v. Hale*, 17 Mo. App. 204. (2) Plaintiff's debt not being due and by the terms of the mortgage the mortgagor being entitled to the possession, and, having possession, had the title, which he could mortgage or sell, and had an interest which might be seized under process and sold, and the mortgagee or purchaser take the possessory right and title of the mortgagor. *Bank v. Metcalf*, 29 Mo. App. 391, and cases cited; *Hickman v. Dill*, 32 Mo. App. 517; *State to use v. Carroll*, 24 Mo. App. 361. (3) If plaintiff was apprehensive that the property would be eloigned prior to maturity of his demand (of which there is no evidence) his remedy was injunction. *Hickman v. Dill*, 32 Mo. App. 517. (4) Plaintiff cannot maintain trover where, as here, no condition of the mortgage was broken, and when plaintiff's debt was not due when the suit was instituted. *Bank v. Metcalf*, 29 Mo. App. 393. Nor can he maintain replevin. *Hickman v. Dill*, 32 Mo. App. 516. Defendant's acts were not inconsistent with plaintiff's rights and there was no conversion. *Allen v. McMonagle*,

77 Mo. 478; *McCoy v. Hyatt*, 80 Mo. 130. (5) The description of the property was insufficient and the mortgage inoperative as to defendant. Plaintiff's mortgage describes the property as "ten head of cattle, mixed lot, cows, heifers and steers." The evidence discloses the fact that there were other cattle on mortgagor's premises at the time. The description is not such that a third person, by its aid together with the aid of such inquiries as the instrument itself suggests, may identify the property covered. *Stonebraker v. Ford*, 81 Mo. 532; *Hughes v. Menefee*, 29 Mo. App. 204; *Lafayette Bank v. Metcalf*, 29 Mo. App. 394. The demurrer to the evidence should have been sustained, and the verdict is against the evidence.

No brief for the respondent.

SMITH, P. J.—The plaintiff brought suit against defendant in the circuit court of Audrain county for the wrongfully taking and converting to his own use "one white roan milch cow about six years old, three two-year-old steers, two two-year-old steers and one yearling steer," whereby he was damaged in the sum of five hundred dollars. The answer denied generally the allegations of the plaintiff's petition.

About the only questions presented by the record arise on the defendant's demurrer to the plaintiff's evidence.

The plaintiff, to maintain the issue, gave in evidence a mortgage executed to him by one Kessler on the eleventh day of April, 1888, on the following described personal property, to-wit, "ten head of cattle, mixed lot, cows, heifers and steers," to secure the paymen of a promissory note of even date with said mortgage made to him by said Kessler, and due six months after date. It was provided in the mortgage that the plaintiff should have the power to sell said property if Kessler made default in the payment of said note, or

should remove said property from the county of Audrain. It was stipulated in the mortgage that Kessler should remain in the possession of the property until default in the payment of the note.

The defendant, in July, 1888, sold the cattle described in plaintiff's petition under a junior mortgage at which sale he became the purchaser. This suit was brought in September, 1888. There was a verdict and judgment for plaintiff from which defendant appealed.

I.   The main ground of the appeal is that as this suit was brought by the plaintiff for the conversion of the cattle before the said Kessler had made default in the payment of the mortgage debt that the same cannot be maintained. We think this ground of contention is well founded. By the express terms of the mortgage Kessler, the mortgagor, was to remain in possession of the property until he made default in the payment of the debt, or until he removed the property out of said county, neither of which contingencies had happened when the suit was instituted. The possession at the time of the alleged conversion by the defendant was in the mortgagor under the letter of the mortgage itself.

The mortgagor then had the title to the property, and, having the possession, he had a vendible interest therein, an interest which was subject to seizure and sale under process, or under the defendant's junior mortgage. If the plaintiff's mortgage was a prior subsisting lien on the property, any such sale thereof would be subject to the plaintiff's mortgage.

The sale of the equity of Kessler on the property by the defendant, under his junior mortgage and purchase by him, could have no other effect than to place defendant in the shoes of Kessler in respect to that equity. *Lafayette Bank v. Metcalf*, 29 Mo. App. 384; *Bennett v. Timberlake*, 57 Mo. 501; *State ex rel. v. Carroll*, 24 Mo. App. 361.

It certainly cannot be contended that the act of the defendant or Kessler, as shown by the evidence, rendered the plaintiff's debt due, or conferred upon him any power other than that provided in the mortgage. Until default by Kessler in the payment of the note or the removal of the property out of the county, he could not foreclose his mortgage, nor was he entitled to the possession thereof as against Kessler or his vendee. He could not maintain replevin or trover. *Hickman v. Dill*, 32 Mo. App. 509; *Strebble v. Curdt*, 56 Mo. 437. The suit of the plaintiff, being before default or conditions broken, was premature and unauthorized, and cannot be maintained.

II. It is also objected that the description of the property contained in the plaintiff's mortgage is so vague and uncertain as to be inoperative as to the cattle involved in this suit. The rule, deduced from the authorities here and elsewhere, is that when the recording of a mortgage, as under the statute takes the place of actual delivery of the mortgaged property, the mortgage, to be effectual, must point out the subject-matter of it so that a third person by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the property covered by it. The articles mortgaged must be of such nature and so situated as to be capable of being specifically designated and identified by the written description. *Stonebraker v. Ford*, 81 Mo. 532; *Hughes v. Menefee*, 29 Mo. App. 204; *Lafayette Bank v. Metcalf*, 29 Mo. App. 394; *Black v. Williams*, 16 Pick. 35; *Golden v. Cockerell*, 1 Kansas, 259; *Fowler v. Hunt*, 44 Wis. 345; *Winter v. Lamphere*, 42 Iowa, 471; Jones on Chat. Mort. 55.

It cannot be pretended that the description in the mortgage in question meets the requirements of these rules, or that the property in the petition mentioned can be identified as being the same as that described in

the mortgage. There is nothing in the mortgage to distinguish these "ten head of cattle, mixed lot, cows, heifers and steers," from any other property of the same kind.

If the property alleged to have been wrongfully converted is the same as that described in the mortgage, the mortgage does not prove it. This would have to be proved by parol testimony, and thus adding to the mortgage a term not contained in it, which is not permissible under the law in relation to mortgages.

It follows from what has been said that the judgment of the circuit court must be reversed, which is ordered accordingly. All concur.