BANK OF LITTLE ROCK, Appellant, v. CHARLES. S. FISHER *et al.*, Respondents.

St. Louis Court of Appeals, November 7, 1893.

**Trover:** RIGHT OF ACTION BY MORTGAGEE. An action of trover cannot be maintained by one who has neither the right of property in the chattel alleged to have been converted, nor the right of possession; and neither of said rights follows from the mere fact that the plaintiff is a mortgagee of the chattel before condition broken.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Harvey & Hill* for appellant.

*Nathan Frank* and *Chas. W. Bates* for respondents.

ROMBAUER, P. J.—This is an appeal from a judgment rendered upon a general demurrer to plaintiff's petition, and the only question presented for our consideration is, whether the petition states facts sufficient to constitute a cause of action.

Such parts of the petition as are deemed of special importance by the parties are set out literally; other parts are set out in substance only. The facts stated are as follows: The defendant sold some machinery to one, Thomas W. Baird, and delivered it to a common carrier in St. Louis, Missouri, taking a bill of lading therefor in the usual form. According to such bill, the machinery was to be transported to Friars Point, in the state of Mississippi, and was there to be delivered to Baird or to his order. Baird becoming insol-

vent, the defendants claimed the right of stoppage *in transitu*, and demanded a return of said property on June 27, 1891, from the carrier, or a connecting carrier at Friars Point, which demand "was not in legal form, and void," and the carrier redelivered the property to the defendants.

Baird, who was in possession of one bill of lading, "sold and delivered said machinery to the Friars Point Planing Mill and Excelsior Manufacturing Company, a corporation or company then domiciled and doing business at Friars Point, Mississippi, and at the time of selling the same to the last mentioned company, the said last mentioned company, in consideration of said sale, executed and delivered to Thomas W. Baird four promissory notes, by which the said last mentioned company bound and obligated itself to pay to said Thomas W. Baird the sum of $893. As security for the payment of said notes, it was agreed by and between said Thomas W. Baird and the said last mentioned company that the title should be reserved by the said Baird until the payment of said notes to said Baird or his assigns, but this was for the only purpose of securing the payment of said notes.

"Afterward, to-wit, on the twenty-sixth day of May, 1891, said Thomas W. Baird, before the maturity of said notes or either one of them, in due course of business, assigned said notes to this bank (the plaintiff) for value received, and this bank has ever since been, and now is, the legal holder of said notes, no part of which has been paid. At the time said Baird sold the machinery to the last named company (the manufacturing company) he indorsed and delivered to said last named company the bill of lading for said machinery, which was then in the custody of the carrier, it being intended that said bill of lading should be, and the same was, a symbolical representative of the

machinery, and the delivery of said bill of lading was intended to be a delivery of the machinery."

The plaintiff demanded the machinery from the defendants, and, upon their refusal to comply with such demand, brings this suit for its conversion.

Had the petition simply stated that the plaintiff was the owner and entitled to the possession of the property in controversy, and that the defendants wrongfully converted the same to their own use, it would not have been subject to a demurrer. The code in these cases requires only the statement of legal, and not of evidential, facts. But, when the petition purports to state all the evidential facts upon which the plaintiff's cause of action is grounded, it must state them sufficiently to show a cause of action in the plaintiff. A petition is fatally defective, when all the facts stated therein, if true, will not warrant a recovery. *State to use v. Bacon*, 24 Mo. App. 403.

We may concede, for the sake of argument only, however, that the rule established in *Lickbarrow v. Mason*, (6 East, 21; 1 Smith's Leading Cases, part 2, *753, which is adopted in most states of the American union, is the law of this state. That rule is that, where a bill of lading is delivered by the vendor to the vendee, and the vendee assigns the same in *good faith and for value* to a third party while the goods are in transit, the vendor's right of stoppage in the transit is gone. We may also concede, for the sake of argument, that a person may, in the state of Mississippi, reserve a secret lien on personal property which he sells and delivers, and that such lien is assignable and passes to the assignee of the notes taken by the vendor for the purchase money. But, conceding both these propositions, it still leaves the petition fatally defective, because it fails to show any *matured* cause of action at the date of the institution of the suit.

The question to be decided is not whether the defendants' right of stoppage *in transitu* was gone when they attempted to exercise it, but whether the plaintiff had a cause of action against them when he brought this suit. Conceding that the pledge to the plaintiff was valid, still, it does not appear by the petition that the plaintiff had either the actual or the constructive possession of the property *at any time*, or that it had any right to the immediate possession of the property when it brought this suit. The constructive possession of the property passed to the manufacturing company when Baird delivered the bill of lading to it, and remained in that company, notwithstanding Baird's reservation of title. This reservation, as the petition states, was taken as a security, and constituted Baird a mortgagee at best. The plaintiff, as assignee of that claim, stands in no better position than Baird. The petition does state that the notes taken by Baird and assigned to the plaintiff are unpaid, but it fails to state either directly or inferentially that any part of said debt has matured, which alone could give the plaintiff any right to the immediate possession of the property, even if the transaction in all other respects was valid as against the defendants.

Now, the action of trover cannot be maintained in this state when the plaintiff has neither the right of property in, nor the right of possession to, the chattels alleged to have been converted. *Parker v. Rodes*, 79 Mo. 88; *Myers v. Hale*, 17 Mo. App. 204; *Deland v. Vanstone*, 26 Mo. App. 297. Conceding to the plaintiff everything it claims on other points, the insuperable objection still remains that, according to the statements of its petition, it was, *at best*, a mortgagee of the property before condition broken, and, not being as such entitled to the possession of the property, it

cannot maintain this action. *Chandler v. West,* 37 Mo. App. 631; *Barnett v. Timberlake,* 57 Mo. 499.

Therefore, without expressing any opinion on the two first points involved in the case, we must conclude that the absence of any averment in the petition, showing that the plaintiff at the date of the institution of the suit had a right to the possession of the property in controversy, renders the petition fatally defective on demurrer. The judgment is affirmed. All the judges concur.