WYETH HARDWARE COMPANY, Appellant, v. CARTHAGE HARDWARE COMPANY, Defendant; FIRTH CHARLESWORTH, Interpleader, Respondent.

Kansas City Court of Appeals, May 16, 1898.

1. **Attachment:** INTERPLEA: EVIDENCE: PRIMA FACIE CASE. In an interplea in attachment, as in a replevin suit, the interpleader must show a general or special property in the goods seized and the right to immediate and exclusive possession; and a mortgagee to maintain his interplea must show such breach of conditions as entitles him to possession.

2. ———: SUFFICIENCY OF INTERPLEA. The interplea may simply state that the interpleader is the owner of the attached property, but if he reads his title showing a mortgage for the security of a debt he should allege the maturity of the debt and a subsequent breach or some other breach of the mortgage.

*Appeal from the Jasper Circuit Court.*—HON. JOSEPH D. PERKINS, Judge.

REVERSED AND REMANDED.

MCREYNOLDS & HALLIBURTON and GEO. P. WHITSETT for appellant.

(1)   The court erred in admitting any evidence in behalf of interpleader. Interpleader having undertaken to set out his title to the property, should have set out a perfect title, which he failed to do, as he does not show a delivery of the chattel mortgage or that the mortgagors were indebted to him in any sum at the time of making the mortgage or at the time of filing of interplea, both of which are necessary to sustain the mortgage or that condition was broken or any right to possession. Shinn on Attachment, secs. 432, 433; Bank v. Fisher, 55 Mo. App. 51, and citations; State to

use v. Bacon, 24 Mo. 403; Barnett v. Timberlake, 57 Mo. 499, Pier v. Heinrichoffer, 52 Mo. 333; Cross v. Hulett, 53 Mo. 397; Breger v. Langenberg, 42 Mo. App. 7; Carthage ex rel. v. Badgley, 73 Mo. App. 123. (2) Plaintiff's instruction asked at close of interpleader's evidence should have been given. 1 Shinn on Attachment, sec. 437; Cobbey on Replevin, sec. 206; Hendries v. Bank, 49 Mich. 401-407; Flynn v. Hathaway, 65 Ill. 462; Huls v. Kimball, 52 Ill. 391; Young v. Kimball, 39 N. H. 446; State ex rel. v. White, 70 Mo. App. 1; Cobbey on Replevin, secs. 197, 198; Hellman & Co. v. Polleck & Co., 47 Mo. App. 205, 209-210; Springate to use v. Furniture Co., 51 Mo. App. 1-6; Christy v. Scott, 31 Mo. App. 331; Hagerman v. Sutton, 91 Mo. 531, paragraph 3.

HOWARD GRAY and THOMAS & HACKNEY for respondent.

(1) The interplea averred that the interpleader was the owner of the attached property, and that his title was acquired by a chattel mortgage from the defendants, made to secure the debt in the mortgage described. This was all that the statute required the interplea to state. R. S. 1889, sec. 572; Grocer Co. v. Goetz, 57 Mo. App. 8. The statute governing replevin has no application to the allegations necessary in an interplea. Grocer Co. v. Goetz, *supra*. (2) The plaintiff's answer to the interplea was in the nature of a confession and avoidance; this shifted the burden onto the plaintiff to show that either the chattel mortgage had not been accepted before the levy, or that the mortgage was fraudulently made. Pitts v. Sheriff, 108 Mo. 110; Turner v. Langdon, 85 Mo. 438. (3) The chattel mortgage was *prima facie* evidence of the existence of the debt described in it. 1 Cobbey on

Chat. Mortg., sec. 132. And the introduction of the mortgage made out a *prima facie* case under the pleadings. Turner v. Langdon, 85 Mo. 438.

SMITH, P. J.—This is an action of attachment in which the writ was levied on a certain stock of hardware. Charlesworth filed an interplea therein alleging that he was entitled to the possession of the attached property under the provisions of a certain mortgage deed whereby E. C. Thompson and John Charlesworth, partners under the name of the "Carthage Hardware Company," the defendants in. the attachment, conveyed "all of said property for the purpose of securing a certain debt in said mortgage fully described." The plaintiffs, by their answer to the interplea, in effect admitted the execution of interpleader's mortgage, but pleaded in avoidance thereof, *first*, that said mortgage was executed without the knowledge of interpleader and that plaintiff's attachment was levied prior to the acceptance thereof by interpleader, and *second*, that said mortgage was executed by defendants in the attachment with the intention to hinder, delay and defraud their creditors and that the interpleader participated in such intent of defendants to defraud their creditors.

STATEMENT.

At the trial the interpleader, to maintain the issue, introduced in evidence the mortgage under which he claimed to be entitled to the possession of the property. This instrument recites that the mortgagors—the defendants herein—for the consideration of $1 conveyed to the mortgagee—the interpleader—the property therein described, being the same as that attached, "upon condition that we pay the said Firth Charlesworth our two certain promissory notes for the sum of five hundred dollars as follows: One note for three hundred and fifty dollars and one note for two hundred

dollars with a credit of fifty dollars paid thereon and both notes signed by us and payable to the said Firth Charlesworth then this conveyance shall become null and void, otherwise to remain in full force.'' No other reference is made in the mortgage as to the notes. The interpleader further introduced in evidence the sheriff's return in the writ of attachment and rested. Thereupon the plaintiffs requested the court, by an instruction, to declare that under the law and evidence the verdict should be for the plaintiff. This request the court refused. The plaintiffs declined to offer any evidence whatever and thereupon the court instructed the jury to return a verdict for the interpleader, and the verdict and judgment was accordingly for him and the plaintiffs appealed.

The plaintiff by his appeal questions the judgment on the ground that the evidence introduced by the interpleader did not establish a *prima facie* case entitling him to a recovery. The mortgage does not show the date of the notes therein referred to nor when the same were to fall due. Nor does it appear from the face of the mortgage or from the record elsewhere that default had been made in the payment of the notes or either of them at the date of the caption. There is nothing in the evidence adduced which tends to show that the condition of the mortgage was broken. How then could the interpleader be entitled to the immediate and exclusive possession of the property? There was no provision in the mortgage by which interpleader was entitled to possession before default was made in the payment of the debt.

An interplea, as has often been held, is in the nature of a suit in replevin ingrafted on an attachment suit. Hellman v. Pollock, 47 Mo. App. 205, and cases there cited. In an action of replevin for the recovery of the

ATTACHMENT: interplea: evidence: prima facie case.

possession of specific personal property when the issue raises, as here, the question of title, it devolves on the plaintiff to prove that at the time of the caption he had a general or special property in the goods taken and the right to the immediate and exclusive possession. Upham v. Allen, 73 Mo. App. 224; Bank v. Fisher, 55 Mo. App. 51; Gray v. Parker, 38 Mo. 160; 2 Greenleaf's Ev., sec. 561; Cobbey on Replevin, sec. 423; Mathias v. Sellers, 86 Pa. St. 486; Lanoth v. Wisner, 51 Md. 543. It has been repeatedly ruled in this state where a debt secured by a mortgage is not due at the time of the commencement of the suit that no forfeiture has occurred and that the mortgagee is not entitled to the immediate possession of the mortgaged property. Breger v. Langenberg, 42 Mo. App. 7; Hickman v. Dill, 32 Mo. App. 509; Chandler v. West, 37 Mo. App. 631; State v. Carroll, 24 Mo. App. 361; Bank v. Metcalf, 29 Mo. App. 384; Sheble v. Curdt, 56 Mo. 437.

Personalty which is mortgaged is subject to seizure under process against the mortgagor before the condition is broken and while the right of possession remains in the mortgagor for a definite period. A purchaser at a sale under such process would take the possessory right of the mortgagor subject to the lien of the mortgagee. Springate v. Furniture Co., 51 Mo. App. 1; Hellman v. Pollock, *supra;* Hickman v. Dill, *supra.* The interpleader's mortgage did not *prima facie* show that at the time of the seizure by the sheriff that he had a general or special property in the goods so seized and the right to the immediate and exclusive possession. It follows that the court erred in the refusal of the plaintiff's instruction and in the giving of that of interpleader.

It is further contended that the plea filed by interpleader is insufficient to uphold the judgment. It is not

directly or inferentially therein stated that either of the mortgage notes had matured at the date of the caption or that they were unpaid. This was necessary to give the interpleader any right to the immediate possession of the property. Bank v. Fisher, *supra;* Barnett v. Timberlake, 57 Mo. 499; Sheble v. Curdt, *supra.* It was alleged, however, that the interpleader was the owner of the attached property. R. S., sec. 572; Grocer Co. v. Goetz, 57 Mo. App. 8. But the interpleader went further and undertook to allege his title to the attached property, and this allegation, which we are bound to notice (Carthage v. Badgley, 73 Mo. App. 123), omits therefrom the essentials required by the rule just stated. The admissions of the plaintiff's answer to the interplea did not aid or cure the defect in the latter to which we have referred. It was neither alleged in the interplea nor admitted by the answer that there had been a breach of the condition of the mortgage in any particular. There was nothing in the pleadings to relieve the interpleader of the burden of showing that there was a breach of some condition of the mortgage entitling him to the immediate possession of the property.

As the interpleader's *prima facie* case was neither established by the pleadings nor the evidence it results that the judgment must be reversed and the cause remanded. All concur.