CONNERSVILLE BUGGY COMPANY, Respondent, v. FRED D. LOWRY, Defendant; EDWARD T. SMITH, Interpleader, Appellant.

Kansas City Court of Appeals, March 2, and December 7, 1903.

1. MORTGAGE: Extension of Payment: Possession. An extension of time for the payment of a debt does not postpone the mortgagee's right to the possession of the mortgaged property for failure to pay at the time originally agreed on.

2. ATTACHMENT: Mortgage: Interplea. A mortgagor interpleading in an attachment suit against his mortgagee claiming the attached property on the ground that the time of payment of the debt has been extended, must fail since he has no right to the possession of the mortgaged and attached property after the time originally set for the payment of the debt.

3. ———: ———: ———: Evidence. And such interpleading mortgagor can not show that another than the mortgagee has become owner of the debt, since he must recover on the strength of his own title and not on the weakness of his adversary's.

4. ———: ———: ———: ———: Extension of Payment. (Ellison, J., concurring.) Where a mortgage does not contain an agreement for the extension of the mortgage itself alleged to have been made some time before it was executed, but did contain a provision for immediate possession on default, the prior oral agreement is of no avail.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*Jas. C. Rieger* for appellant.

(1)   The agreement made between Smith and Lowrey, before the maturity of the first installment of the note, was a valid one and fixed the maturity of the note on May 15, 1901, instead of March 1, 1900.   The note had not matured and the mortgagee was not entitled to the possession of the property when the attachment suit was brought, September 14, 1900.   Hence his creditors could not reach the property by attachment.   Hardware Co. v. Hardware Co., 75 Mo. App. 522.   (2)   It has been repeatedly ruled in this State, where a debt secured by a mortgage is not due at the time of the commencement of the suit, that no forfeiture has accrued and that the mortgagee is not entitled to the immediate possession of the mortgaged property.   Berger v. Longenberg, 42 Mo. App. 7; Hickman v. Dill, 32 Mo. App. 509; Chandler v. West, 37 Mo. App. 631; State v. Carroll, 24 Mo. App. 361; Bank v. Metcalf, 29 Mo. App. 384; Shoble v. Curde, 56 Mo. 487; Barnett v. Timberlake, 57 Mo. 499.   (3)   The property was not subject to attachment by a creditor of the mortgagee even though the note had matured and there had been a default in its payment.   Am. and Eng. Ency. of Law (2 Ed.), vol. 11, p. 625. (4)   Smith's interest in the property was sufficient to maintain an interplea.   Boettger v. Roehling, 74 Mo. App. 257.   (5)   The mortgagor of a chattel, who remains in possession with the consent of the mortgagee after condition broken, may maintain trover against a third person who has wrongfully converted it.   Buddington v. Mastbrook, 17 Mo. App. 577.   (6)   It was competent for the interpleader to show that the legal title to the property taken under the writ of attachment had passed from Lowry to Shellenberger by the transfer of the note, and as between the interpleader and Shellenberger he would not be the absolute owner, but as between himself and the party to the suit he was the owner of the property attached.   Wear v. Sanger, 91 Mo. 348.

*Chas. B. Adams* and *Metcalf & Brady* for respondent.

(1)   The rights of the parties must be determined by the terms of the mortgage.   The mortgage was not delivered and did not become a contract between the parties until March 6, 1900.   The alleged extension of the mortgage debt was made on February 4, 1900.   The alleged agreement about possession was made on the same day.   It is a well-settled proposition of law that an oral agreement inconsistent with a subsequent written agreement pertaining to the same matters is superseded by the latter, and the rights of the parties will be measured by the written contract.   Tuggles v. Callison, 143 Mo. 527; New England L. & T. Co. v. Workman, 71 Mo. App. 275; Parker v. Van Hoover, 142 Mo. 621.   (2)   The mortgage provides that upon default in payment of the note or any part of it, the mortgagee may take possession.   Can a prior parol agreement be permitted to overcome the express terms of the mortgage?   (3)   At the time of the levy of the writ of attachment the conditions of the mortgage had been broken, and there had been no extension of the mortgage.   The mortgagee was therefore the owner, and entitled to the immediate and exclusive possession of  the mortgaged property.   Robinson v. Campbell, 8 Mo. 365; Bowens v. Benson, 57 Mo. 26; Baldridge v. Dawson, 39 Mo. App. 532; Jackson v. Cunningham, 28 Mo. App. 354; Holmes v. Commission Co., 81 Mo. App. 102.   (4)   The extension of the mortgage debt, in the absence of a valid extension of the mortgage itself, can not affect the right of the mortgagee to the immediate and exclusive possession of the mortgaged property, after a breach of condition.   Bowens v. Benson, 57 Mo. 26; Baldridge v. Dawson, 39 Mo. App. 527.   (5)   It being conclusively established by the interpleader's evidence that he was not the owner, and not entitled to the immediate and exclusive possession, of the property claimed, he failed

to make a prima facie case which entitled him to go to
the jury.   Hardware Co. v. Hardware Co., 75 Mo. App.
l. c. 521; Sawyer v. Mangan, 60 Mo. App. 78.   (6)  The
court properly sustained the respondent's objections to
the evidence regarding the transfer of the note secured
by the mortgage to Shellenberger.   This evidence was
clearly inadmissible and irrelevant to the issues of this
interplea.   The interpleader must recover upon the
strength of his own title and not upon the weakness of
his adversary's.   Car Company v. Barnard, 139 Mo. l.
c. 145.

BROADDUS, J.—The original proceeding was by
attachment against defendant Lowry in which certain
personal property was attached as the property of said
defendant then in the hands of the appellant Smith, who
filed an interplea in which he claimed that he was the
owner of such property.   At the conclusion of the trial
the court instructed the jury to find for the plaintiff
company.   The interpleader appealed.

The facts were, that on the sixth day of March,
1900, the interpleader acknowledged a chattel mortgage
to secure a note payable to defendant Lowry in the sum
of $800, payable in eight monthly installments of $100
each, bearing six per cent interest from date.   One of
the conditions of said mortgage was that in default of
payment of said note, or in default of payment of any
of said installments when due, then the whole became
due and the said Lowry or his successor was authorized
to enter upon the premises where said property might
be found, and take possession of and sell the same, and
apply the proceeds to the payment of the note.   Not-
withstanding said mortgage was dated the sixth day of
March it was in fact of the date of the eighteenth of
January, 1900, as was also said note.

The interpleader introduced evidence tending to
show that the note by agreement was extended on Feb-
ruary 4, 1900, to May 15, 1901.   He also offered evi-

dence to show that said note had been transferred to one Shellenberger, which upon objection by the plaintiff the court excluded.

It was held in Bowens v. Benson, 57 Mo. 26, that an agreement for the extension of the time for the payment of the debt did not postpone the mortgagee's right to the possession of the mortgaged property for failure to pay the debt at the time originally agreed on.    See also Baldridge v. Dawson, 39 Mo. App. 527.

It therefore follows that as the mortgagee was entitled to the possession of the property under the terms of the mortgage, the debt being due and unpaid, the interpleader did not have the right to the immediate and exclusive possession thereof.    It is well established law that in order to recover the possession of personal property, the claimant must show that he has general or special rights in such property, and the right to the immediate and exclusive possession thereof.    Hardware Co. v. Hardware Co., 75 Mo. App. 518; Upham & Gordon v. Allen, 73 Mo. App. 224; Bank v. Fisher, 55 Mo. App. 51.

The action of the court in excluding the evidence of the interpleader offering to show that one Shellenberger was the owner of the note, is upheld: because it was immaterial.    The interpleader could only recover upon the strength of his own claim and not upon the weakness of that of his adversary.    Car Co. v. Barnard, 139 Mo. 142; Graham Paper Co. v. Morton B. Crowther, decided by this court but not yet reported.

The interpleader having failed to show that he had either a general or special property right in the articles in controversy, and the right to the immediate and exclusive possession thereof, the court very properly instructed the jury to find for the attaching plaintiff.

The cause is affirmed.    All concur.

ON REHEARING.

ELLISON, J.—On further consideration of this case we have concluded that no reason exists for a change of the views which are expressed in the original opinion.

The alleged agreement for an extension of the mortgage itself was made some time before it was executed and delivered. The mortgage did not contain any provision of that nature, but did contain a provision for immediate possession by the mortgagee on default of the note secured. A prior oral agreement not incorporated in the subsequent written instrument is of no avail.

The judgment is affirmed. All concur.