REPLEVIN: inter-
plea: interven-
tion.

D. D. LITTLETON, Appellant, v. ALICE HARRIS, Respondent.

St. Louis Court of Appeals, March 9, 1897.

1. **Mortgage Debts:** APPLICATION OF PAYMENTS: INSTRUCTIONS. Where debts in suit secured by mortgages were of equal dignity, differing only as to amounts and date of maturity, the application of payments, made before suit, to the oldest debt, was not error, nor was it error to instruct the jury that defendant was entitled to designate the application of a payment, made after suit, if it was shown that such payment was made upon an agreement which plaintiff had repudiated.

2. **Judgment:** COSTS. But the failure of the court to render judgment for plaintiff for that portion of the property admitted by the answer to belong to him, and to tax defendant with the accrued costs to date of trial, was error.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

REVERSED AND REMANDED for amendment of judgment in accordance with opinion.

·*Lincoln & Lydy* for appellant.

The undisputed amount due Littleton was $101.10 on the three notes with interest to be added, with $61.50 paid thereon; and such agreement as defendant relies on, if made by plaintiff to accept less than the amount due in full satisfaction, is void. *Riley v. Kershaw*, 52 Mo. 224; *Klausman Brewery Co. v. Shoenlau*, 32 Mo. App. 357; *Mullin v. Martin*, 23 *Id.* 537; *Helling v. United Order*, 29 *Id.* 309, 320; 18 Am. and Eng. Encyclopedia of Law, 230.

And such void agreement, if made, can work no estoppel on plaintiff to apply the payments wheresoever he pleased. *Nichols v. Bank*, 55 Mo. App. 81, 91; 2 Herm. on Estoppel, 922.

All defenses must be with reference to the time suit commenced, and it was error to admit the four receipts given after suit began. Cobb. on Replevin, secs. 764, 796, pp. 406, 423, and citations; *Hanlon v. O'Keefe*, 55 Mo. App. 528, 534.

Defendant can not defeat the action by showing that a portion of the indebtedness was paid after action commenced. *Machette v. Wanless*, 1 Colo. 225; Cobb. on Replevin, sec. 796, p. 424; *Thomas v. Urseman*, 44 Wis. 339.

It was error to allow the jury to apply the payments. *Poulson v. Collier*, 18 Mo. App. 583, 606, and citations; *Beck v. Haas*, 111 Mo. and citations.

Defendant having directed to which demand payments should be applied at the time they were made, loses such right. 18 Am. and Eng. Encyclopedia of Law, 236, and citations.

It was error to assess all costs against plaintiff. R. S. 1889, secs. 6213, 624.

*George A. McLaughlin* and *O. T. Hamlin* for respondent.

There is nothing for this court to review, except the law as given by the court, the bill of exceptions, not pretending to give the evidence in full. *Bacon v. Perry*, 25 Mo. App. 77. See, also, *Meriwether v. Howe*, 48 Mo. App. 152; *Bank v. Davidson*, 40 *Id.* 421, 423; *Kamerick v. Castleman*, 29 *Id.* 658.

The agreement between appellant and respondent, whereby appellant agreed to accept $30 as payment in full, and release the goods after suit was brought, and under said agreement appellant accepted $20 is not void, but binds him. *Dry Goods Co. v. Curtis*, 65 Mo. App. 55, 62, 64; *Giboney v. Ins. Co.*, 48 *Id.* 168, 191.

Defendant accepted $20 as per agreement before he repudiated it, and if he accepted any in satisfaction of said agreement he is bound. *Giboney v. Ins. Co.*, *supra*.

Defendant is entitled to recover all costs, as the issue of the terms of compromise was submitted to the jury under proper instructions. R. S. 1889, sec. 6214.

APPELLANT'S REPLY.

In this case there can be no pretense that there has ever been the semblance of an "accord," nor a "satisfaction." 1 Am. and Eng. Encyclopedia of Law [2 Ed.], 413.

### RESPONDENT'S REJOINDER.

Having failed to show in his original abstract that his bill of exceptions were properly filed, appellant can not do so now by a supplemental abstract in the nature of a reply. *Cuomo v. St. Joseph*, 24 Mo. App. 567; *Bank v. Davidson*, 421, 423.

Appellant can not now raise for the first time the question of costs that accrued before the justice. *Link v. Link*, 48 Mo. App. 345.

BOND, J.—Plaintiff replevied certain household goods under three mortgages given by defendant. The answer admitted that plaintiff was entitled to the possession of a certain part of the property specified in the answer and averred tender of the same and refusal of plaintiff to accept the goods. It claimed judgment for the remainder of the property not so tendered plaintiff. On the trial before the justice and in the circuit court defendant had judgment and plaintiff appealed.

The mortgages were given to secure three notes amounting to $66.45, $24.90, and $9.75, respectively. Prior to the institution of the suit defendant paid, as shown by receipts, $63.50. No application of these payments was made by either party. Defendant gave evidence that on the day the property was seized by the constable, plaintiff agreed with her to dismiss his suit and release the property, if she would pay $5 per week for six weeks. She exhibited receipts showing that four of these payments, amounting to $20, were made, and gave evidence that the remaining $10 was tendered to plaintiff and refused by him. Plaintiff denied the making of such an agreement, but claimed that he only agreed to release the property upon payment in full of the balance due. With the exception

above stated, the aforesaid notes secured by mortgages, were unpaid.

Appellant complains of the instructions of the court in applying the payments made before the suit to the oldest debt, and in telling the jury that if they found plaintiff had an agreement after suit MORTGAGE debts: to release the property in consideration of application of $30, and, after having received $20 under payments: in-structions. such agreement, repudiated the same, then it was competent for defendant to designate upon which note the said $20 should be applied as a credit. There was no error in these declarations. Primarily the debtor has the right to designate the application of payments made to his creditor. Failing so to do, the creditor may make the application. If neither creditor nor debtor make any application, then the law will apply the payment to the debt first maturing, unless justice and equity demand a different application. *Beck v. Hass*, 111 Mo. *loc. cit.* 268. In the case at bar the debts were all secured and of equal dignity, only differing from one another as to amounts and date of maturity. Hence the court did not err in applying the payments before suit to the oldest debt, nor in declaring that defendant was entitled to designate the application of the payment after suit, if it was shown that such payment was made upon an agreement which plaintiff had repudiated.

The only difficulty in this case relates to the failure of the court to render judgment for plaintiff for that JUDGMENT: portion of the property conceded in the costs. answer to belong to him, and to tax defendant with the cost which accrued up to the date of the trial. That the judgment may be amended in these particulars, it will be reversed and remanded. It is so ordered. All the judges concur.