WILLIAM McMILLAN, Appellant, v. W. E. GRAYSTON
et al., Respondent.

Kansas City Court of Appeals, March 5, 1900.

1. **Chattel Mortgages: DEBT NOT DUE: POSSESSION: RE-PLEVIN.** Unless the debt secured by chattel mortgage is due the mortgagee is not entitled to the immediate possession of the mortgaged property and replevin will not lie.

2. **Payment: APPLICATION OF: DEBTOR AND CREDITOR.** The debtor on making payment has a right to direct on which debt it shall be credited: if he give no direction then the creditor may make the application: if neither make the application the law will apply the payment to the debt first maturing unless justice and equity demand a different application.

3. **———: ———: SECURED AND UNSECURED DEBT: PRECARIOUS SECURITY.** Between secured and unsecured debts, the law will apply the unappropriated payment to the unsecured debt; if the debts are secured, to the one with the most precarious security.

4. **Promissory Notes: MORTGAGES VARYING TERMS OF: DEFAULT WHEN DUE.** A mortgage securing a series of notes falling due at different times but providing that default in any payment shall render all due, only has the effect to enable the mortgagee after sale to apply the proceeds to the liquidation of the notes whether due or not, and such stipulation can not otherwise effect the maturity of the notes.

5. **Chattel Mortgages: ADDITIONAL MORTGAGE: MATURITY OF NOTES: APPLICATION OF PAYMENTS.** A series of five notes maturing at different dates was secured by chattel mortgage providing that default in one payment should render all due. The first note maturing was subsequently secured by an additional chattel mortgage. Later on, all five notes were further secured by a real estate mortgage which some time after was foreclosed bringing enough to pay all interest due as well as all the notes due at the time of the sale but leaving three notes unpaid. The debtor directed the proceeds to be applied on the first and second notes and the interest then past due to which the creditor agreed, but in fact made

McMillan v. Grayston.

no application whatever. Held, that the provision of the chattel mortgage as to the application of payments had no effect on the proceeds from the foreclosure of the real estate mortgage and the proceeds should be applied to the payment of the interest and of the notes due, notwithstanding the rule that payments should be applied so as to give the mortgagee the full benefit of all his security; and as the proceeds of the mortgage sale paid all due on the notes, the creditor could not maintain replevin for the property covered by the chattel mortgages until further default.

6. **Mortgage:** DEFAULT: PAYMENT: REINVESTMENT OF TITLE. Though default in a payment forfeits the legal title to the mortgaged property, yet the payment of all due revests the title in the mortgagor.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Howard Gray* and *S. H. Claycomb* for appellant.

(1) Under the terms of the chattel mortgage, the mortgagee was entitled to the possession of the property in case any part of the debt secured was not paid when due. It was admitted that a part of the notes described in the mortgage, was due, and the interest on all of them, before any effort was made to sell the real estate. This fact alone entitled the mortgagee to the possession of the property. And nothing short of the payment of the entire debt and the acceptance thereof as such would affect his right to such possession. Jackson v. Cunningham, 28 Mo. App. 354; White v. Quinlan, 30 Mo. App. 54; Woolner v. Levy, 48 Mo. App. 469; Robertson v. Campbell, 8 Mo. 615; Webb v. McCain, 51 S. W. Rep. 957. (2) The whole property may be sold on the failure to pay the first note, whether the mortgage so provides or not. Jones on Chattel Mortgages, sec. 768; Flanders v. Barston, 18 Me. 357; Clark v. Baker, 6 Mont. 153; Bragelman v. Daws, 69 N. Y. 69; McConnell v. Scott,

67 Ill. 274; Webb v. McCain, 51 S. W. Rep. 957. (3) And the mortgagee is entitled to the possession after condition broken, though an extension of time be granted as to the debt. Bowens v. Benson, 57 Mo. App. 26. (4) The rule, that where the holder of notes fails to make the application of payments from the proceeds of the sale of the mortgaged property the law will apply them on the notes in the order of their maturity, has no application in the case at bar. But in cases like the present one the payments will be applied so as to give the mortgagee the full benefit of all the security he has taken. Bank v. Riggs, 72 Mo. App. 239; Mathews v. Switzler, 46 Mo. App. 301; Fields v. Holland, First American Leading Cases, 272; s. c., 6 Cranch, 8-29; Bank v. Stockhan, First Freeman's Chancery (Miss.), 502; Briggs v. Williams, 2 Vermont 283; Nilton v. Burly, 2 N. H. 193; Bank v. Hill, 10 Pickering, 129.

*J. W. McAntire* and *W. E. Grayston* for respondents.

(1) If the creditor has several claims, some of which are mature and the others not yet due, he is not allowed to appropriate the payment to the latter class of debts to the exclusion of the former; he must apply it first to overdue demands, and only the balance, if any, can be directed to those subsequently maturing. Bacon v. Brown, 1 Bibb. 334; Thomas v. Kelsey, 30 Barb. 268; Bobe's Heirs v. Stickney, 36 Ala. 482; Wetherell v. Joy, 40 Me. 325; Effinger v. Henderson, 33 Miss. 449; Cloney v. Richardson, 34 Mo. 370; Keen v. Watson, 39 Mo. App. 165 loc. cit. 171, 172; Newton v. Nunnally, 4 Ga. 356; Bank v. Singer, 13 Ohio 240; 2 Am. and Eng. Ency. of Law [2 Ed.], 441; sec. 1, Amer. Leading Cases [5 Ed.], 360; Davis v. Freedland, 32 Miss. 645; Crisler v. McCoy, 32 Miss. 446; Beck v. Haas, 111 Mo. 264, 268; Littleton v. Harris, 69 Mo. App. 596, 600; Goetz v. Piel, 26

Mo. App. 634, 643, 644; Bank v. Singer, 13 Ohio, 240; Sanford v. Van Arsdale, 53 Hun. (N. Y.) 70; Lawton v. Blitch, 83 Ga. 663; Wimberly v. Brown, 42 Ga. 604; Parks v. Ingram, 55 Am. Dec. 153; Bloom v. Kern, 30 La. Ann. 1263; 2 Am. and Eng. Ency. of Law [2 Ed.], 461. In a number of cases where the mortgagee has commenced his action prematurely, it has been held that he could not recover, although disclosed in the decisions that the debt fell due before judgment in the trial court. Moore v. Carr, 65 Mo. App. 64; Sheble v. Curdt, 56 Mo. 437; Chandler v. West, 37 Mo. App. 631.   (2)   A promissory note is not affected as to the date of its maturity by the terms of a deed of trust securing it.   Owings v. McKenzie, 133 Mo. 323; Noell v. Gaines, 68 Mo. 649; Dissenting opinion of Hough, J., 657.

SMITH, P. J.—This is an action of replevin to recover a certain set of abstracts known as the "Martin Abstracts" and one iron safe and file case, etc.    There was a trial before the court without the intervention of a jury.    The court made a special finding of facts, the part thereof which relates to the questions we shall presently consider being as follows:

That on September 13, 1897, this suit in replevin was commenced to recover the possession of certain personal property described in two certain mortgages hereinafter referred to; that on November 12, 1894, the defendants executed to plaintiff five promissory notes each for $192, payable respectively in one, two, three, four and five years after date, bearing interest at the rate of eight per cent per annum, interest payable annually; and on said last named day and year the defendant George J. Grayston, for the purpose of securing the payment of said notes and interest, executed to plaintiff a mortgage on certain abstracts known as the "Martin Abstracts;" that after the first, but before the second of said notes became due, that is to say, on February 3, 1896, de-

fendants executed to plaintiff a mortgage on one fireproof Mosler safe and file case to secure a note of even date therewith for $210, due sixty days after date; that said last mentioned note and mortgage was given as collateral security for the payment of said first $192 note and interest thereon and was so accepted by the plaintiff; that on the said twelfth day of November, 1894, as additional and further security on said first named notes, the defendants joined in a deed of trust, conveying to John C. Rogers, as trustee for plaintiff, an undivided one-half interest in the following described real estate, situate in the county of Christian, and state of Missouri, to wit: the southeast quarter of the southeast quarter of section fourteen, and the northeast quarter of the northeast quarter, and the north half of the southeast quarter of the northeast quarter of section twenty-three, township twenty-seven, range twenty; that on the twelfth day of April, 1897, plaintiff caused a foreclosure sale to be made under the terms of said deed of trust, and that at said sale the land was bid in for the plaintiff at and for the sum of seven hundred dollars, and the trustee in pursuance of his authority, executed to the plaintiff a deed therefor; that the expense of said sale amounted to twenty dollars, leaving the sum of six hundred and eighty dollars ($680) to be credited on said notes; that at the time of the filing of this suit there was not due upon said notes, according to their face, the sum of six hundred and eighty ($680) dollars, including the interest on said notes; and that the proceeds from the said sale of lands bid in by plaintiff paid off all the notes then due on their face and all the interest on the notes then due, and all the interest on the notes not then due up to the time of the commencement of this suit, and all the expenses of the sale, and left a small balance, that the plaintiff and the trustee in the deed of trust failed to indorse any credits on the notes and did not apply the proceeds of said sale on any of said notes; that on the fourteenth of

April, 1896, defendants paid the plaintiff the sum of twenty-five ($25) dollars on account of said indebtedness.

As both parties insist that the finding of facts by the court should be adopted by us, we will consider the same as facts agreed.

It only remains for us to decide whether or not the court's conclusions of law are correct, which are to the effect that, "under the evidence and proofs in this case, the sums paid to the plaintiff by the defendants and the proceeds of the sale of real estate should be applied to the payment of interest on the said five notes of one hundred and ninety-two dollars each and to the payment of the notes in the order of their maturity; and that at the time of the filing of this suit there was nothing due plaintiff on any of said notes, and there was no default under either of said chattel mortgages; that at the time of the bringing of this suit plaintiff was not entitled to the possession of the property sued for or any part thereof."

It has been several times decided in this state that where the debt secured by a chattel mortgage was not due and no forfeiture had occurred, that the mortgagee was not entitled to the immediate possession of the mortgaged property and could not maintain replevin therefor. Boeger v. Langenberg, 42 Mo. App. 7; Hickman v. Dill, 32 Mo. App. 509; Chandler v. West, 37 Mo. App. 631; State v. Carroll, 24 Mo. App. 361; Bank v. Metcalf, 29 Mo. App. 384; Sheble v. Curdt, 56 Mo. 437.

At the time the plaintiff caused the deed of trust to be enforced against the defendants' land the first and second notes secured by the first chattel mortgage were past due, as also the annual interest on the third, fourth and fifth. The conditions of the said chattel mortgage, according to its terms, became thereby forfeited. In consequence of this forfeiture the plaintiff became entitled to the immediate possession of the property therein specified. Instead of first foreclosing

his chattel mortgage security, as he might well have done, he chose to foreclose his additional real estate security. From this independent source he realized six hundred and eighty dollars, which was found by the court to be sufficient to pay off the first two notes then due and the interest on the other three not then due. But there was not enough to pay the principal and interest due on all of the notes. How then should the amount have been distributed? The answer to this question is decisive of the case one way or the other.

The general rule is, that where a creditor holds several claims against his debtor, the latter, on making payment, has the right to direct upon which debt it shall be credited; if he give no direction, then the creditor, on receiving the payment can make the application; if neither the debtor directs, nor the creditor applies the payment, then the law will apply it to the debt which first matures, unless, under the circumstances of the case, justice and equity demand a different appropriation. Beck v. Haas, 111 Mo. 264; Brady v. Hill, 1 Mo. 317; Littleton v. Harris, 69 Mo. App. 596; Goetz v. Piel, 26 Mo. App. 634; Poulson v. Collier, 18 Mo. App. 583, and cases there cited.

Is there any fact disclosed by the finding of the court requiring a different application of the amount received by the plaintiff on account of the sale of the defendants' land under the deed of trust from that prescribed by the rule just stated? According to the finding of the court, the property described in the first chattel mortgage afforded plaintiff a security for his debt in value much in excess of the amount of the plaintiff's three unpaid notes. It is true, if the first note were paid in full it would have the effect to discharge the two hundred and ten dollar collateral note secured by the second chattel mortgage on the safe and file case, but as the plaintiff would still have ample security provided in the first it is difficult to see why justice and equity would require a

departure from the requirement of the rule already stated in making distribution of the money in plaintiff's hands.

It has, in effect, been held that where a debtor is indebted on several accounts, some of which are secured and others not, or where the security of some is precarious, and he make payments, if neither the debtor nor creditor have made application of the payments, the court will apply them in the first instance to the debts which are not secured or of which the security is the most precarious. Poulson v. Collier, *supra*; Bank v. Riggs, 72 Mo. App. 239; Mathews v. Switzler, 46 Mo. 301; Fields v. Holland, 6 Cranch 8; Briggs v. Williams, 2 Vermont 283. But this rule finds no application here for the reason that the security for the three last notes falling due is not precarious but ample.

But it is contended that by the terms and conditions of the said first chattel mortgage, the failure to pay any one of the notes therein specified, or the annual interest thereon, had the effect *ipso facto* to render all of them not then due, due and payable. In form the notes were ordinary negotiable promissory notes. It has been settled by the decision of the supreme court of this state that a provision in a deed of trust or mortgage like that here, given to secure several notes falling due at different times, and in which it is provided that default in the payment of any one of such notes at maturity shall render the others not due also due, is valid and binding in so far only as to enable the trustee or mortgagee, after sale, to apply the proceeds thereof to the liquidation of all the notes, whether due or not. And it is also equally well settled by the same high authority that such note could not by the happening of such contingency be made to mature for general purposes at a time different from that provided in the face thereof; or, in other words, a promissory note is not affected as to the date of its maturity by the terms of the instrument securing it, declaring it shall be due on default of payment

of another note, except for the purpose of enforcing the security. Owings v. McKenzie, 133 Mo. 323, overruling the majority opinion in Noell v. Gaines, 68 Mo. 649, and adopting, in effect, the dissenting opinion of Judge Houghs therein.

The receipt by plaintiff of the amount realized by the foreclosure sale of the real estate security did not have the effect of rendering any of the undue notes specified in the chattel mortgage due for the purposes of distribution of the said amount so realized from said real estate security. If defendants had made default in the payment of the first and second of said notes, or in the payment of the annual interest on all of them, and in consequence thereof the plaintiff had foreclosed said chattel mortgage, and had realized therefrom more than enough to pay the notes due, then all of said notes would have been considered as due for the purpose of the application of the money so in the hands of the mortgagee. The amount so received by plaintiff must be applied to the payment of said notes just as if the said chattel mortgage had never existed. The covenants and provisions in that instrument can not be permitted in any way to control the application of the money derived from the foreclosure sale of said real estate security.

It is a well-recognized rule that where there has been no direction by either debtor or creditor as to the application of a payment that such payment should be applied by the court in such a way as to give the mortgagee the full benefit of all the security he has taken. But this rule is inapplicable in the present case for the reason that it is disclosed by the evidence that the defendants directed the application of the money received by plaintiff from sale of defendants' real estate to the payment of the first and second of said notes, which were then past due, and that the plaintiff agreed to make such application. In view of this it is difficult to see

how the court could have made a different application of the money than was made by it.

The receipt by plaintiff of the amount realized from the foreclosure sale of his real estate security must accordingly be held to be a payment of the first and second notes and the interest on the others. Although under the said chattel mortgage the default in the payment of said first and second notes operated as a forfeiture of the title and the right of the possession of the property covered by it, yet the subsequent receipt of the said amount realized from the sale of said real estate security amounted to a payment of said matured notes and a waiver of the forfeiture by plaintiff. The case is somewhat analogous to a case where a landlord, knowing of the forfeiture of the lease, receives after-accrued rent; it is an implied acknowledgment of the continuance of the lease, and of itself must necessarily be held to waive the forfeiture. So, if an insurer knowingly issues a policy and receives a premium, without performance of some condition required of the assured he is held to have waived the condition. Jackson v. Cunningham, 28 Mo. App. 354; Moore v. Mayor, 45 Mo. 202; Philips v. Bailey, 82 Mo. 639; Whelan v. Reilly, 61 Mo. 565; State v. Ross, 136 Mo. 259.

The iron safe and file case were released by the payment of the first of said mortgage notes, as already indicated. The forfeiture of the legal title to the mortgaged property was reinvested in the defendants by the receipt of the money arising from the real estate foreclosure sale. The waiver of the forfeiture was complete. There was nothing due on the notes as found by the court at the time of the institution of this suit. The legal title was then in defendants and not in the plaintiff. It results that under the rule established by the authorities cited at the outset this action was premature.

Upon the facts as found by the court, which are conceded to be correct, the judgment was for the right party and must be affirmed. All concur.